UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMANVEER SING BAINS ,

               Petitioner,

   v.

MERRICK B. GARLAND, et al.,

               Respondent.

CASE NO. 2:23-cv-00369-RJB-BAT

**REPORT AND RECOMMENDATION**

    Petitioner Ramanveer Sing Bains, a citizen of India, is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Dkt. 1. On March 13, 2023, Bains filed a Petition seeking 28 U.S.C. § 2241 relief. Bains asks the Court to order his immediate return to India or alternatively, grant a bond review hearing and release him from custody. Dkt. 1, at 5. On April 19, 2023, ICE filed a motion to dismiss Bains's Petition on the grounds Bains has failed to establish that his continued detention has become indefinite. Dkt. 8. Bains has filed no response to the motion to dismiss.

    For the reasons explained herein, the Court recommends **DENYING** the § 2241 habeas petition and **DISMISSING** the habeas petition with prejudice.

FACTUAL AND PROCEDURAL BACKGROUND

    Bains is a native and citizen of India who was admitted to the United States as a lawful permanent resident ("LPR") on or about March 23, 2009. Dkt. 9, Declaration of Jermaine Mercado, ¶ 4; Dkt. 10, Declaration of Michelle R. Lambert, Ex. A (Form I-213, Record of

REPORT AND RECOMMENDATION - 1

Deportable/Inadmissible Alien), at R116-113. In 2016, Bains was convicted in the Superior Court of the State of Washington for the offenses of child molestation in the first degree in violation of RCW § 9A.44.083 and communication with a minor for immoral purposes in violation of RCW § 9.68A.090(1), with sentences of sixty months to life and fifteen days to run concurrently. Dkt. 9, Mercado Decl., ¶ 5; Dkt. 10, Lambert Decl., Ex. B (Criminal Records), at R110-87.

Upon completion of his state prison sentences and release from the Monroe Corrections Complex on November 16, 2020, ICE took Bains into custody. Dkt. 1 (Petition), ¶ 2; Dkt. 9, Mercado Decl., ¶ 6. ICE issued a Notice to Appear to Bains for violating the Immigration and Nationality Act ("INA") §§ 237(a)(2)(A)(ii), (a)(2)(E)(i), and (a)(2)(A)(iii). Dkt. 10, Lambert Decl., Ex. C (Notice to Appear), at L16-13. ICE also served Bains with notice that he would be detained pending a final administrative determination. *Id*., Ex. D (Notice of Custody Determination), at L12. On January 11, 2021, ICE conducted a custody redetermination of Bains pursuant to INA § 236(c) and determined that Bains's detention should be continued after deeming him a danger to the public. Dkt. 9, Mercado Decl., ¶ 7; Dkt. 10, Lambert Decl., Ex. E (Notice of Custody Determination), at L182-81.

While in removal proceedings, Bains did not request a bond hearing before the Immigration Judge as he was subject to mandatory detention under INA § 236(c). Dkt. 9, Mercado Decl., ¶ 8.

In April of 2021, the Immigration Judge ("IJ") denied Bains's requests for relief from removal and ordered him removed to India. Dkt. 1 (Petition), ¶ 3; Dkt. 9, Mercado Decl., ¶ 9; Dkt. 10, Lambert Decl., Ex. E (IJ Decision), at L648-619. The Board of Immigration Appeals ("BIA") dismissed Bains's administrative appeal of the IJ's order in September of 2021. Dkt. 1, ¶

4; Dkt. 9, Mercado Decl., ¶ 10; Dkt. 10, Lambert Decl., Ex. F (BIA Decision), at L660-57. Bains filed a Petition for Review ("PFR") in the Ninth Circuit, *Bains v. Garland*, 21-931 (filed on Oct. 18, 2021). Dkt. 1, ¶ 4.

While his PFR was pending, ICE reviewed Bains's custody and determined his custody should continue pending his removal from the United States. Dkt. 10, Lambert Decl., Ex. G (Decision to Continue Detention, dated Jan. 12, 2022), at R202-01. ICE based this decision on Bains's criminal history. *Id*. ICE explained that if his PFR remained pending and he had not already been released or removed by December 10, 2022, the agency would conduct an annual file custody review. *Id*. This annual review was not necessary because the Ninth Circuit denied the PFR on October 3, 2022, and Bains's removal order became final. *Bains v. Garland*, 21-931, Dkt. No. 56, Mem. Disp. (Oct. 3, 2022); Dkt. 1, ¶ 6; Dkt. 9, Mercado Decl., ¶ 10.

Within a month of the removal order becoming final, ICE began working on Bains's travel document application. Dkt. 9, Mercado Decl., ¶ 11. On January 10, 2023, ICE submitted the travel document application to the Indian Consulate for processing. *Id*. Although the Indian Consulate General initially approved the packet, on January 31, 2023, it requested additional information regarding Bains's identity on January 31, 2023. *Id*. ICE responded to this request but received notice that there was an issue with the submitted travel document application. *Id*. Therefore, ICE rescinded the initial travel document application on February 22, 2023. *Id*.

Approximately two weeks later, ICE submitted a new travel document application to the Indian Consulate. Dkt. 9, Mercado Decl., ¶ 12. Shortly thereafter, ICE requested that the Indian Consulate expedite Bains's travel document application so he can be included in an upcoming charter flight to India. *Id*., ¶ 13. ICE confirmed that a travel document will be issued in

REPORT AND RECOMMENDATION - 3

this case. *Id*. If a charter flight is not available at the time his travel document application is approved, ICE will remove him on a commercial flight without delay. *Id*. ICE contends that based on these facts, there is a significant likelihood that Bains will be removed to India in the reasonably foreseeable future. *Id*., ¶ 15.

On April 4, 2023, ICE conducted another review of Bains's custody status. Dkt. 9, Mercado Decl., ¶ 14. Upon reevaluation, ICE determined that Bains's detention will be continued because there is a significant likelihood that his removal will occur in the reasonably foreseeable future, and he remains a danger to society. *Id*.

Bains now seeks release from detention "due to the fact that such custody violates [his] due process rights." Dkt. 1, at 1.

## DISCUSSION

The INA governs the detention and release of noncitizens during and following their removal proceedings. *See Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2280 (2021). The general detention periods are generally referred to as "pre-order" (before entry of a final order of removal) and "post-order" (after entry of a final order of removal). *Compare* 8 U.S.C. § 1226 (authorizing pre-order detention) with § 1231(a) (authorizing post-order detention).

When a final order of removal has been entered, a noncitizen enters a 90-day "removal period." 8 U.S.C. § 1231(a)(1). Congress has directed that the Secretary of Homeland Security "shall remove the [noncitizen] from the United States." *Id*. To ensure a noncitizen's presence for removal and to protect the community from dangerous noncitizens while removal is being effected, Congress mandated detention.[1] 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) authorizes

---

[1] Although 8 U.S.C. § 1231(a)(2) refers to the "Attorney General" as having responsibility for detaining noncitizens, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 441(2), 116 Stat. 2135, 2192 (2002), transferred this authority to the Secretary of the Department of Homeland Security ("DHS"). *See also* 6 U.S.C. § 251.

REPORT AND RECOMMENDATION - 4

ICE to continue detention of noncitizens after expiration of the removal period. Unlike § 1231(a)(2), § 1231(a)(6) does not mandate detention and does not place any temporal limit on the length of detention.[2] However, a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Six months is a presumptively reasonable time necessary to bring about a noncitizen's removal. *Id*., at 701.

The administrative order of removal at issue here became final on October 3, 2022 (Dkt. 1, ¶ 6) and therefore, the removal period expired on January 1, 2023. 8 U.S.C. § 1231(a)(1). The "presumptively reasonable" six-month period recently expired on April 3, 2022. *Zadvydas*, 533 U.S. at 701.

A.    <u>Significant Likelihood of Removal</u>

Bains mistakenly argues for his release based on precedent relating to pre-order detention under 8 U.S.C. § 1226(a). Dkt. 1, at 3-8. However, Bains is detained pursuant to 8 U.S.C. § 1231(a)(6) (post-order detention). As previously noted, § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States and does not permit "indefinite" detention. *Zadvydas,* 533 U.S. at 701.

The Supreme Court in *Zadvydas* recognized, "for detention to remain reasonable, as the period of post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink". The Supreme Court implicitly recognized that six months is the earliest point at which criminal noncitizens' detention could raise constitutional issues. *Id*., at

---

[2] [A noncitizen] ordered removed who is inadmissible under section 212, removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) of this title or who has been determined by the [the Secretary of Homeland Security] to be a risk to the community or unlikely to comply with the order of removal, maybe detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3). 8 U.S.C. § 1231(a)(6).

REPORT AND RECOMMENDATION - 5

701. "This 6-month presumption, of course, does not mean that every [noncitizen] not removed must be released after six months." *Id*.

Bains has been detained fewer than seven months since his order of removal became final. He filed his Petition prior to the end of the presumptive period. Although Bains analyzes *Zadyvas*, he fails to recognize the Supreme Court's requirement that noncitizens bear the burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, which then requires the government to respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. Bains fails to meet that burden.

Bains asserts only "there is little likely hood that Respondent's [sic] will be able to obtain the travel document's [sic] and effectuate valid order of removal in the near foreseeable future." Dkt. 1, ¶ 9. On the other hand, the record reflects ICE has been actively working to obtain a valid travel document to effectuate Bains's removal and expects removal within the reasonably foreseeable future. Dkt. 9, Mercado Decl., ¶¶ 11-15. The fact Bains does not yet have a specific date of anticipated removal does not make his detention indefinite. *Diouf I*, 542 F. 3d 1222, 1233 (9th Cir. 2008). Detention becomes indefinite in situations where the country of removal refuses to accept the noncitizen or if removal is legally barred. *Id*. Here, Bains has presented no evidence that ICE will not be able to remove him and therefore, his detention will cease upon his removal. The record also reflects Bains's detention is reasonable considering the Secretary's authority to detain noncitizens determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). Earlier this month, ICE conducted another review of Bains's custody status. Dkt. 9, Mercado Decl., ¶ 14. Upon reevaluation, ICE determined Bains's detention should continue because there is a significant likelihood that his removal will occur in the reasonably foreseeable future, and he remains a danger to society. *Id*.

REPORT AND RECOMMENDATION - 6

ICE believes the Indian Consulate will issue a travel document for Bains, and shortly thereafter Bains will be removed to India. Dkt. 9, Mercado Decl., ¶ 15. Bains has presented no evidence that ICE will not be able to remove him or that his detention will be indefinite. Because ICE is still actively pursuing his removal and his detention furthers Congress's goal of ensuring his presence for removal, Bains has failed to meet his burden and is, therefore, not entitled to release under *Zadvydas*.

B. <u>Bond Hearing</u>

Bains also asks the Court to release him on bond so he can "continue with his life, with his family, and to gain evidence to use in his hearing …." Dkt. 1 at 5.

Bains has no statutory right to a bond hearing while being detained pursuant to § 1231(a)(6). *Johnson v. Arteaga-Martinez*, 142 S. Ct. 1827, 1833 (2022). Additionally, post-order detention is constitutional without a bond hearing so long as removal is reasonably foreseeable.

Section 1231(a)(6) satisfies both the substantive and procedural components of the Due Process Clause. The Supreme Court has explained detention is "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Post-order detention helps ensure the removal of noncitizens who have already been "ordered removed" from the United States. 8 U.S.C. § 1231(a)(6). Moreover, § 1231(a)(6), as implemented by the existing regulations, does not violate the Due Process Clause "[w]hen detention crosses the six-month threshold." *Diouf II*, 634 F.3d at 1091 (noncitizens subject to prolonged detention under § 1231(a)(6) are entitled to a bond hearing if removal is not imminent as the term is used in *Zadvydas*).

Regulations implement the Supreme Court's holding that § 1231(a)(6) permits detention only for "a period reasonably necessary to bring about th[e] [noncitizen]'s removal from the

Case 2:23-cv-00369-RJB   Document 11   Filed 05/16/23   Page 8 of 9

United States." *Zadvydas*, 533 U.S. at 689; *see* 8 C.F.R. § 241.13. If a noncitizen who has been detained for six months shows that "there is no significant likelihood of removal in the reasonably foreseeable future," adjudicators at ICE headquarters must review the noncitizen's case. 8 C.F.R. § 241.13(d)(1).

Here, Bains has failed to show there is no significant likelihood of removal in the reasonably foreseeable future. At the time Bains filed his Petition, his removal order had been finalized for less than six months; ICE has actively worked towards his removal with positive results; ICE recently reviewed Bains's custody (*see* Dkt. 9, Mercado Decl., ¶ 14), and Bains's continued detention is reasonable to ensure he will appear for removal. Additionally, Bains has been convicted of serious crimes, including child molestation, and ICE has deemed him a danger to the community if released. Dkt. 9, Mercado Decl., ¶¶ 5, 7, 14. Under these circumstances, the foreseeability of removal has not become so attenuated as to require a bond hearing and Bains's request should be denied.

The Court therefore recommends the Court **DENY** the habeas petition and **DISMISS** the case with prejudice.

<u>OBJECTIONS AND APPEAL</u>

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 31, 2023**. The Clerk should note the matter for **June 2, 2023**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the

REPORT AND RECOMMENDATION - 8

Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 10 pages. The failure to timely object may affect the right to appeal.

DATED this 16th day of May, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9